IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Darrell L. Goss,                              )
                                              )
                        Plaintiff,            )
                                              )        Civil Action No. 2:22-104-BHH
v.                                            )
                                              )
Kanzora Robinson; Maria Leggins,             )                **ORDER**
*Division Director*,                          )
                                              )
                        Defendants.           )
_____)

This matter is before the Court upon Plaintiff Darrell L. Goss's ("Plaintiff" or "Goss")

*pro se* complaint filed pursuant to 42 U.S.C. § 1983.  Defendants filed a motion to dismiss,

or in the alternative, for summary judgment (ECF No. 31), following which Plaintiff filed a

motion to stay (ECF No. 38), a motion to consolidate (ECF No. 39), and a motion to strike

(ECF No. 40.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)

(D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary

determinations.  On February 28, 2023, Magistrate Judge Mary Gordon Baker issued a

report and recommendation ("Report") and order, thoroughly outlining the issues and

recommending that the Court grant Defendants' motion for summary judgment.  The

Magistrate Judge also denied Plaintiff's remaining motions. (ECF No. 44.) Attached to the

Magistrate Judge's Report was a notice advising the parties of the right to file written

objections to the Report within fourteen days of receiving a copy.  After being granted an

extension of time, Plaintiff filed objections on April 3, 2023.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.    The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).   In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I.    The Magistrate Judge's Report and Plaintiff's Objections

In her Report, the Magistrate Judge thoroughly outlined the relevant background and explained the genesis of this case.  As she explained, this action arises from certain restrictions placed on Plaintiff's communications with his alleged common law wife, Sasha Gaskins, while they were both inmates housed by the South Carolina Department of Corrections ("SCDC").  Pursuant to written SCDC policy, inmate-to-inmate correspondence is generally banned, but the policy makes exceptions for inmates who are "immediate family members."  (ECF No. 31-7 at 3.)   The policy requires inmates to prove their relationship status for the family members exception.  (*Id.*)

In his second amended complaint, Plaintiff alleges that since October 7, 2021, Defendant Agency Mailroom Coordinator Kanzora Robinson has denied Plaintiff's request to correspond with Gaskins as his common law wife, and Plaintiff alleges that Robinson has improperly required Plaintiff to prove his common law marriage to Gaskins by providing documentation from before July 24, 2019, showing both names rather than by requiring them to prove their common law marriage by mutual assent.  Plaintiff also alleges that Defendant Division Director of Visitation of Drug Testing, Maria Leggins, has denied Plaintiff's request to add Gaskins' name to his SCDC Inmate Relative Screen as his common law wife.  According to Plaintiff, Defendants' requirement that Plaintiff provide documentation to prove his common law marriage to Gaskins is contrary to South

3

Carolina's common law statute. Plaintiff alleges that Defendants have violated his First and Fourteenth Amendment rights, and he seeks injunctive relief asking the Court to instruct Defendants to recognize his common law marital status to Gaskins.

Ultimately, after reviewing the evidence of record and the applicable law, the Magistrate Judge considered Plaintiff's claims specific to each Defendant and first determined that dismissal on the basis of *res judicata* is not appropriate because Plaintiff's claims in this action arose after the Court dismissed Plaintiff's prior claims in *Goss v. Morley*, No. 2:19-cv-2469-BHH. (ECF No. 44 at 12-14.) Next, however, the Magistrate Judge found that the evidence, when considered in the light most favorable to Plaintiff, simply does not establish any constitutional violation by the individual Defendants. (*Id.* at 19.) Essentially, the Magistrate Judge determined that Defendants' requirement that Plaintiff provide documentation to prove his common law marriage, rather than permitting him to prove the common law marriage by "mutual assent," does not raise constitutional concerns because it is rationally related to the legitimate penological purpose of preventing an inundation of unsubstantiated inmate correspondence requests. In other words, the Magistrate Judge explained, "Given the legitimate penological interests supporting the documentation requirement at issue, there is no basis to find that Defendants violated Plaintiff's First Amendment right to free speech and Fourth Amendment right to due process." (*Id.* at 21 (listing numerous cases that hold the same).) The Magistrate Judge also found that Plaintiff's equal protection argument failed because Plaintiff did not allege he was treated differently based on his membership in a protected class. In all, the Magistrate Judge found that Defendants are entitled to summary judgment on Plaintiff's claims for monetary damages under § 1983 and Plaintiff's claim for injunctive relief.

4

In his objections, Plaintiff first disagrees with the Magistrate Judge's finding that *Stone v. Thompson*, 428 S.C. 79, 833 S.E.2d 266 (2019), has no impact on this case; instead, Plaintiff asserts that *Stone* "set a new standard in common law marriage cases" and that it controls. As a second objection, Plaintiff again refers to *Stone* and argues that the Magistrate Judge erred in finding that cohabitation is required to establish common law marriage. Plaintiff states: "The magistrate has improperly appl[ied the] state law standard for determining whether a common law marriage exist[s]," and "[t]he evidence before the Court demonstrates an 'express contract' between Goss and Gaskins to be married to each other," thereby satisfying the mutual assent requirement. (ECF No. 50 at 2.)

Next, Plaintiff objects to the Magistrate Judge's finding that a legitimate penological interest supports Defendants' documentation requirement, and Plaintiff repeats his argument that the documentation requirement is contradictory to state law. Plaintiff contends that the Magistrate Judge failed to appropriately apply *Turner v. Safley*, 482 U.S. 78 (1987), and Plaintiff asserts that the Magistrate Judge evaluated his due process claim under the incorrect standard. Lastly, Plaintiff contends that the Magistrate Judge's findings as to Plaintiff's request for injunctive relief are erroneous.

After a thorough review of Plaintiff's objections and a de novo review of the record, the Court finds no merit to Plaintiff's arguments. First, as Defendants point out in their reply, many of Plaintiff's arguments focus on whether Plaintiff and Gaskins are actually considered married pursuant to South Carolina common law, but that is not the relevant inquiry. Rather, the relevant inquiry is whether Defendants' policy of requiring inmates who desire to correspond with one another to prove an alleged common law marriage with documentation passes constitutional muster. After reviewing the applicable law, the Court

5

fully agrees with the Magistrate Judge's analysis on this point and finds no error. Stated plainly, the Court agrees with the Magistrate Judge that Defendants' documentation requirement does not raise constitutional concerns as it is rationally related to the legitimate penological purpose of preventing unsubstantiated inmate correspondence. Furthermore, it is "reasonably related to legitimate security interests, because any male inmate could claim to be 'married' to any female (and vice versa) in order to enable the flow of communications between inmates at different units." *Maxwell/G-Doffee v. Golden*, 2011 WL 6740557, at *5 (E.D. Ark. Nov. 17, 2011).

Next, as to Plaintiff's assertion that he has submitted sufficient evidence to the Court to satisfy the "mutual assent" test, the question is not whether he has submitted evidence to this Court, but whether he submitted evidence to Defendants. Regardless, a de novo review of the record indicates that Plaintiff provided nothing to support an express or an implied contract of marriage to either this Court or to Defendants. Ultimately, the Court finds that the Magistrate Judge properly applied the *Turner* factors under the facts before her, and that Defendants are entitled to summary judgment on Plaintiff's First and Fourteenth Amendment claims for the specific reasons set forth by the Magistrate Judge in her Report.

## **CONCLUSION**

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 44); the Court overrules Plaintiff's objections (ECF No. 50); and the Court grants Defendants' motion for summary judgment (ECF No. 31).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 12, 2023
Charleston, South Carolina